**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ __1st__ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: __Victor Alberto Cosio__    JOINT DEBTOR: _____    CASE NO.: __15-25287-RAM__
Last Four Digits of SS# __8805__    Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of __60__ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

- A.    $__2,215.75__ for months __1__ to __60__;
- B.    $_____ for months _____ to _____;
- C.    $_____ for months _____ to _____; in order to pay the following creditors:

Administrative:    Attorney's Fee - $7,000.00 + 2,500.00 (MMM) + $250.00 = $9,750.00
                   TOTAL PAID   $1,200.00
                   Balance Due  $8,550.00 payable 855.00/month (Months __1__ to __10__)

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1.    __Selene Finance, LP__                Mortgage Mitigation Mediation (MMM) Payment x 60 months = $65,100.00
Address: 9990 Richmond Ave #40              MMM Payment $1,085.00/month (Months __1__ to __60__)
         Houston, TX 77042
Account No: __5750010088482__

2.    __Internal Revenue Service__          Total Amount Due: $16,893.95 @ 3% = $18,213.60
Address: PO Box 7317                        Payment $__54.17__/month (Months __1__ to __10__)
         Philadelphia, PA 19101-7346        Payment $__353.44__/month (Months __11__ to __60__)
Account No: __XXX-XX-3049__

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Priority Creditors: [as defined in 11 U.S.C. §507]
1. Internal Revenue Service    Total Due $ 25,993.07
                               Payable  $__519.88__/month (Months __11__ to __60__)

Unsecured Creditors:    Pay $__35.85__ month (Months __11__ to __60__)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:   The debtor(s) is hereby advised that the Ch.13 trustee has requested that the debtor comply with 521 (f) 1-4 on an annual basis during the pendency of this case.   The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is modified to be on or before May 15 each year the case is pending and that the debtor(s) shall provide the trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous years' income

LF-31 (rev. 01/08/10)

The debtor has filed a Verified Motion for Referral to MMM with Selene Finance, LP ("Lender"), loan number 5750010088482, for real property located at 9410 SW 11 ST, Miami, FL 33174. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than the required 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; (b) provide that the real property will be "treated outside the plan"; or (c) provide that the real property will be surrendered. If the property is surrendered or "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____/s_____
Debtor
Date:    10/26/2015

LF-31 (rev. 01/08/10)